UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MELISSA S. DICK,<br><br>                       Petitioner,<br><br>   v.<br><br>DISTRICT COURT FOR LINCOLN COUNTY,<br><br>                       Respondent. | NO: 2:21-CV-0348-TOR<br><br>ORDER DISMISSING PETITION |

Petitioner, a *pro se* prisoner at the Lincoln County Jail, filed this habeas action seeking to have all charges dropped and the return of her car.  ECF No. 1.

**SUMMARY DISMISSAL**

Rule 4 of the Rules Governing Section 2254 Cases provides for the summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Here, it is abundantly clear that Petitioner is not entitled to federal habeas relief at this time.

ORDER DISMISSING PETITION ~ 1

## IMPROPER RESPONDENT

Petitioner did not name a proper party as Respondent to this action. A petitioner for habeas corpus relief must name the state officer having custody of her as the respondent to the petition. Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts; *Stanley v. California Supreme Court,* 21 F.3d 359, 360 (9th Cir. 1994). This person is typically the warden of the facility in which petitioner is incarcerated. *See Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992). Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction. *Id.*; *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989).

## CURRENT PETITION

Petitioner used a form for habeas petitions filed under 28 U.S.C. § 2241, rather than the more proper one under § 2254. It appears from her filing that she was sentenced in state court on November 4, 2021 and complains of a search and seizure in violation of her Fourth Amendment. ECF No. 1.

28 U.S.C. § 2254 is the exclusive avenue for a state prisoner to challenge the constitutionality of her detention. *White v. Lambert*, 370 F.3d 1002, 1007 (9th Cir. 2004), overruled on other grounds by *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc), overruled on other grounds by *Swarthout v. Cooke*, 562 U.S. 216 (2011). Accordingly, the Court will construe the Petition as one under § 2254.

**EXHAUSTION**

Petitioner claims to have been sentenced on November 4, 2021 but does not allege or show that she has exhausted her state remedies. This habeas petition is subject to review under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Murray v. Schriro*, 745 F.3d 984, 996 (9th Cir. 2014). AEDPA prohibits federal courts from granting habeas relief on claims for which the petitioner has not "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "Exhaustion requires that a petitioner fairly present h[er] federal claims to the highest state court available." *Davis v. Silva*, 511 F.3d 1005, 1008 (9th Cir. 2008) (cleaned up). In turn, "[f]air presentation requires that the petitioner describe in the state proceedings both the operative facts and the federal legal theory on which h[er] claim is based so that the state courts have a fair opportunity to apply controlling legal principles to the facts bearing upon h[er] constitutional claim." *Id*. at 1009 (quotation marks omitted); *accord Robinson v. Schriro*, 595 F.3d 1086, 1101 (9th Cir. 2010) (exhaustion requires "present[ing] both the factual and legal basis for the claim"). Exhaustion means filing an appeal in the state courts and at minimum seeking review by the state's highest court, here, the Supreme Court of the State of Washington. Because Petitioner has not exhausted her state remedies, this petition must be dismissed.

ORDER DISMISSING PETITION ~ 3

This Court lacks jurisdiction over Petitioner's unexhausted and jurisdictionally defective allegations.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. The Petition is **DISMISSED without prejudice.**

2. The Court further certifies that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

The Clerk of Court shall enter this Order, enter judgment accordingly, provide copies to Petitioner, and **CLOSE** the file.

DATED December 15, 2021.



THOMAS O. RICE
United States District Judge

ORDER DISMISSING PETITION ~ 4